RJF:bkp

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. **00-6128**

18 U.S.C. §1014

# CR - DIMITROULEAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>                                      )<br>                 **Plaintiff,** )<br>                                      )<br>v.                                       )<br>                                      )<br>**LYNDA ROSEMAN,** )<br>                                      )<br>               **Defendant.** )<br>_____) | MAGISTRATE JUDGE<br>SNOW<br><br>FILED by ___ D.C.<br>MAY 15 2000<br>CLARENCE MADDOX<br>CLERK U.S. DIST. CT.<br>S.D. OF FLA. FT. LAUD. |

## INFORMATION

The United States Attorney charges that:

### COUNT I

In or about July, 1993, at Broward County, in the Southern District of Florida, the defendant,

LYNDA ROSEMAN,

did knowingly and willfully make a materially false statement for the purpose of influencing the actions of SunBank/South Florida, N.A., (now known as SunTrust), whose deposits were then insured by the Federal Deposit Insurance Corporation, and in order to assist another person in obtaining a loan, the defendant did execute a fraudulent credit reference letter purporting to be from Florida Power and Light claiming that Tracye Rozier had good credit with Florida Power and Light, which credit reference letter was then forwarded to SunBank/South Florida, N.A., when in truth and in fact, the defendant did not work for Florida Power and Light and did not have any authority to



issue such a letter, as the defendant then and there well knew; all in violation of Title 18, United States Code, Section 1014

## COUNT II

In or about January, 1994, at Broward County, in the Southern District of Florida, the defendant,

### LYNDA ROSEMAN,

did knowingly and willfully make a materially false statement for the purpose of influencing the actions of SunBank/South Florida, N.A., (now known as SunTrust), whose deposits were then insured by the Federal Deposit Insurance Corporation, and in order to assist another person in obtaining a loan, the defendant did execute a fraudulent credit reference letter purporting to be from Florida Power and Light claiming that Jimmie Murray had good credit with Florida Power and Light, which credit reference letter was forwarded to SunBank/South Florida, N.A., when in truth and in fact, the defendant did not work for Florida Power and Light and did not have any authority to issue such a letter, as the defendant then and there well knew; all in violation of Title 18, United States Code, Section 1014.

THOMAS E. SCOTT
UNITED STATES ATTORNEY

JEFFREY N. KAPLAN
ASSISTANT UNITED STATES ATTORNEY

-2-

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| v. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| LYNDA ROSEMAN | **Superseding Case Information**: |

**Court Division:** (Select One)

___ Miami   ___ Key West
_X_ FTL   ___ WPB ___ FTP

New Defendant(s)        Yes ___  No ___
Number of New Defendants   ___
Total number of counts     ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:  (Yes or No) __No__
   List language and/or dialect  __English__

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)

   | | | | | |
   |---|---|---|---|---|
   | I | 0 to 5 days | _X_ | Petty | ___ |
   | II | 6 to 10 days | ___ | Minor | ___ |
   | III | 11 to 20 days | ___ | Misdem. | ___ |
   | IV | 21 to 60 days | ___ | Felony | _X_ |
   | V | 61 days and over | ___ | | |

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter?  (Yes or No) __No__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: __99-4657-SNOW; 97-4601-SNOW; and 97-4609-SNOW__
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No) __NO__

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 1999? __ Yes _X_ No  If yes, was it pending in the Central Region? __ Yes _X_ No

_____
JEFFREY N. KAPLAN
ASSISTANT UNITED STATES ATTORNEY
Court Bar No. A5500030

*Penalty Sheet(s) attached                                   REV 4/7/99
N:\udd\hpantale\kaplan\ROSEMAN\LYNDAINFPKG2.wpd

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: __LYNDA ROSEMAN__   No.: _____

Count #I:
False statement to financial institution, in violation of 18:1014

*Max Penalty:  30 years' maximum imprisonment; $1,000,000 fine

Count #II:
False statement to financial institution, in violation of 18:1014

*Max Penalty:  30 years' maximum imprisonment; $1,000,000 fine

Count #:

*Max Penalty:

Count # :

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV 12/12/96