**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO  00-6128-CR-DIMITROULEAS**

UNITED STATES OF AMERICA

vs

LYNDA ROSEMAN

ORDER RE:  **STATUS CONFERENCE**
           **SPEEDY TRIAL**
           **PRETRIAL MATTERS**

FILED by C.D.C.  MAY 22 2000  CLARENCE MADDOX CLERK U.S. S.D. OF FLA

1.   IT IS HEREBY ORDERED that counsel for the Government and the Defense appear before Magistrate Judge NOT APPLICABLE in Fort Lauderdale, Florida on N/A 2000 at 11:00 a.m. for Status Conference to resolve pre-trial motions and discovery problems.

All counsel are directed to read carefully the Standing Discovery Order which clearly delineates the parties' discovery obligations, including the materials sought by the vast majority of the standard pre-trial motions. Routine filing of "boilerplate" motions covered by the Standing Discovery Order, as well as repeated failure to timely provide discovery has substantially contributed to the backlog of criminal cases in this District. Accordingly, all counsel are hereby advised that this Court will recommend the imposition of sanctions against attorneys who persist in these practices.
Where the parties are able to resolve all pre-trial matters prior to the date of the above scheduled status conference, they should so notify the Court, in writing  and will be excused from attendance at the conference.

2.   Under Rule 88.5 of the Local Rules of the United States District Court for the Southern District of Florida it is the duty of counsel to provide the Court with written reports setting forth the speedy trial status of each case pending before the Court.  Such report shall be submitted to the United States Attorney pursuant to that Rule.  Such report shall set forth:
   A.   All excludable time on which there is agreement,
        including the applicable statutes.
   B.   All excludable time as recorded on the docket on
        which there is a conflict, including the
        applicable statutes;
   C.   i.   Computation of the gross time;
        ii.  Excludable time;
       iii.  Net time remaining;
        iv.  The final date upon which the defendant(s)
             may be tried in compliance with the speedy
             trial plan of this Court; and
   D.   Any agreement by the parties as to excludable time
        which exceeds the amount recorded on the docket
        shall have no effect unless approved by the Court.
        Failure to timely file such reports may result in
        sanctions being imposed.
3.   The United States Attorney shall provide discovery to the defendant(s) within the time provided under the Standing Discovery Order. Failure to timely provide such discovery absent prior approval of the Court for an extension of time, may result in the imposition of sanctions by the Court.



4. The defendant(s) shall file all motions on a timely basis within the period provided in the Standing Discovery Order. Failure to timely provide such discovery absent prior approval of the Court for an extension of time, may result in the imposition of sanctions by the Court.
   A. Any extension of time for filing defensive motions must be requested at the time of arraignment.
   B. Any motion untimely filed will be denied unless good cause is shown for the delay, except as justice requires or as otherwise provided by the Federal Rules of Criminal Procedure.

5. Counsel shall abide by Local Rule 88.9 which states: Motions in criminal cases shall be accompanied by a written statement certifying that counsel for moving party, or the moving party if not represented by counsel, has conferred with opposing counsel or party as the case may be, in an effort in good faith to resolve by agreement the subject matter of any motion, but has not been able to do so. In addition, the written statement shall specify the information that has been made available to opposing counsel or parties in lieu of filing motion.

6. Pursuant to Amendment to General Local Rule 7, Local Rules of the United States District Court for the Southern District of Florida entered July 17, 1984, counsel <u>must</u> attach a copy of each pleading, motion, and/or other papers tendered for filing with the original document. Both the original and the copy will be filed together with the Clerk of Court. Please attach your envelopes to the <u>copy</u> not the original.

7. Motions to travel must set forth:
   A. The date the defendant desires to leave the area permitted under the bond;
   B. The date of his or her return;
   C. The address where the defendant will be staying;
   D. The telephone number at the place where the defendant will be staying;
   E. The method of travel to be used by the defendant;
   F. Whether the United States Attorney has no objection to such travel; and
   G. The name of the Magistrate Judge who originally set the conditions of release.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 22ND day of MAY, 2000.

*Lurana S. Snow*
**LURANA S. SNOW**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record